UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEBRUARY LAMAR,

       Plaintiff,

                                      Case No. 25-13382
                                    U.S. DISTRICT COURT JUDGE
                                        GERSHWIN A. DRAIN

v.

FLAGSTAR BANK, *et al.*,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION FOR REMAND [#3] AND DENYING AS MOOT DEFENDANT NATIONSTAR MORTGAGE, LLC'S MOTION TO QUASH SERVICE AND DENY OR SET ASIDE ENTRY OF DEFAULT [#5]**

**I.**      **INTRODUCTION**

Presently before the Court is Defendant Nationstar Mortgage, LLC's ("Nationstar") motion to remand this case to Wayne County Circuit Court. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of this matter, and thus the motion will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Nationstar's motion [#3] is GRANTED, and all other outstanding motions that remain on the federal docket—

namely, Nationstar's Motion to Quash Service and Deny or Set Aside Entry of Default [#5]—are DENIED AS MOOT.

## II.     BACKGROUND

On September 3, 2025, Plaintiff February Lamar initiated the present lawsuit in Wayne County Circuit Court against Defendants Flagstar Bank, FSB ("Flagstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationstar. Defendants received notice of Plaintiff's complaint on September 23, 2025. On October 23, 2025, attorney Ryan J. VanOver of Dykema Gossett PLLC filed a Notice of Removal in this Court on behalf of all Defendants. Shortly thereafter, Defendant Nationstar filed a motion to remand this case back to Wayne County Circuit Court, and that motion is presently before the Court. Therein, Nationstar explains that at the time Mr. VanOver filed the Notice of Removal, he believed his firm had been engaged to represent all Defendants in this case. In actuality, Defendants Flagstar and MERS had retained separate counsel and were not represented by him at the time he filed the Notice of Removal. Neither Flagstar nor MERS have otherwise joined in or consented to the removal.

## III.    LAW AND ANALYSIS

Title 28 U.S.C. § 1446 sets forth the procedures a defendant must follow to remove a state court case to federal court. Under that statute, "each defendant must file, or join in, the notice of removal within thirty days after each received its copy

of the initial complaint." *Collinge v. Kiesgen*, No. 08-CV-10443-DT, 2008 WL 11355307, at *1 (E.D. Mich. Mar. 31, 2008); 28 U.S.C. § 1446(b). "This provision has been interpreted to require that defendants unanimously consent to removal." *Id.* (citing *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis*, 342 F.3d at 516.

Here, Defendants have not unanimously consented to removal. While Mr. VanOver submitted the Notice of Removal on behalf of all Defendants, he lacked the authority to do so on behalf of Flagstar and MERS. Flagstar and MERS have not otherwise joined in or consented to the removal. The time for doing so expired on October 23, 2025, thirty days after they received notice of Plaintiff's complaint on September 23, 2025. As such, because Defendants failed to comply with the rule of unanimity, this case was improperly removed to federal court. Therefore, Nationstar's motion to remand this case back to Wayne County Circuit Court is granted.

## IV.    CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendant Nationstar's Motion for Remand [#3] is GRANTED. This matter is REMANDED to Wayne County Circuit Court. Furthermore, because Nationstar's Motion for Remand is granted, all

3

other outstanding motions that remain on the federal docket—i.e., Nationstar's Motion to Quash Service and Deny or Set Aside Entry of Default [#5]—are DENIED AS MOOT.

SO ORDERED.

Dated: January 5, 2026                             /s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 5, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager